IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 1, 2022

## RODDAROUS MARCUS BOND v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-21-310         Kyle C. Atkins, Judge**

_____

**No. W2022-00221-CCA-R3-PC**

_____

The pro se petitioner, Roddarous Marcus Bond, appeals the summary denial of his petition for post-conviction relief by the Madison County Circuit Court, arguing the trial court erred in dismissing his petition because his sentence is illegal. After our review, we affirm the summary dismissal of the petition pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR. and KYLE A. HIXSON, JJ., joined.

Roddarous Marcus Bond, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Jody S. Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The petitioner was convicted of two counts of conspiracy to commit first-degree murder. The trial court merged the two convictions and imposed a twenty-three-year sentence. *State v. Roddarous Marcus Bond*, No. W2018-00107-CCA-R3-CD, 2019 WL 1417871, at *1-4 (Tenn. Crim. App. Mar. 28, 2019), *no perm. app. filed*. The petitioner appealed to this Court, arguing "(1) the evidence [was] insufficient to support the offenses; (2) the trial court erred in allowing witnesses to refer to letters that had been destroyed; and (3) the trial court erred in allowing the State to impeach the [petitioner] with a prior

statement that the trial court had excluded." *Id.* at *1. On March 28, 2019, this Court affirmed the petitioner's convictions. *Id.* The petitioner did not seek review by our supreme court.

On December 16, 2021, the petitioner filed a pro se petition for post-conviction relief. In response, the State filed a motion to dismiss alleging the petition was filed outside the one-year statute of limitations and arguing the post-conviction court was without jurisdiction to hear the matter. On January 12, 2022, the post-conviction court entered an order finding the petition was filed "well outside the one-year statute of limitations" and, therefore, dismissing the petition. The petitioner filed his notice of appeal to this Court on February 17, 2022.[1]

A petitioner may request post-conviction relief by asserting that his conviction or sentence is void or voidable because of the abridgment of his constitutional rights provided by the Tennessee or the United States Constitutions. Tenn. Code Ann. § 40-30-103. To obtain post-conviction relief, a petitioner must prove the allegations of fact made in the petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). However, if it plainly appears from the face of the petition that it was not filed within the time permitted in the statute of limitations, the post-conviction court shall enter an order dismissing the petition. Tenn. Code Ann. § 40-30-106(b). Under Tennessee Code Annotated section 40-30-102(a), a post-conviction relief petition must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." The limitation period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.*

Here, the petitioner's time for filing a petition for post-conviction relief expired one year following our March 28, 2019 opinion. *Roddarous Marcus Bond*, 2019 WL 1417871, at *1. This Court previously has recognized that when a petitioner does not file an application for permission to appeal to the Tennessee Supreme Court following a decision by this Court on direct appeal, the statute of limitations begins to run for purposes of filing a petition for post-conviction relief on the date on which this Court issues its opinion on direct appeal and not the date on which the mandate is issued. *See, e.g., Jonathan Adams v. State*, No. E2012-00297-CCA-R3-PC, 2013 WL 1187654, at *5 (Tenn. Crim. App. Mar. 21, 2013); *David Lackey v. State*, No. M2004-00558-CCA-R3-PC, 2005 WL 1303124, at *2 (Tenn. Crim. App. May 31, 2005). Accordingly, the statute of limitations in the instant

---

[1] A notice of appeal must be filed within thirty days of entry of judgment. Tenn. R. App. P. 4(a). Despite the fact the petitioner filed his notice of appeal 43 days after the post-conviction court's order, we waive timely filing of the notice of appeal in the interest of justice. *See* Tenn. R. App. P. 4.

matter concluded on March 27, 2020. However, in response to the COVID-19 pandemic, the Tennessee Supreme Court issued a series of orders tolling the statute of limitations in post-conviction matters until June 5, 2020. *See, e.g., In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. May 26, 2020); *In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 31, 2020); *In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 25, 2020); *In re: Covid-19 Pandemic*, No. ADM2020-00428 (Tenn. Mar. 13, 2020). Accordingly, the statute of limitations for requesting post-conviction relief in the instant matter concluded on June 5, 2020, rather than the initial date of March 27, 2020. The petitioner, however, did not file his petition until December 20, 2021, one year and 195 days after the expiration of the statute of limitations. Therefore, the petition was untimely, and the post-conviction court did not err in finding it was without jurisdiction and summarily dismissing the petition.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the post-conviction court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE